SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
LIÊN H. PAYNE, Cal. Bar No. 291569
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        npopovic@sheppardmullin.com
              lpayne@sheppardmullin.com

Attorneys for Defendants
RALPH LAUREN CORPORATION
RALPH LAUREN COMPANY WEST, LLC
E.J. VICTOR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Victoria Card, | Case No. 3:18-cv-2553 |
| Plaintiff, | [San Francisco Superior Court Case No. CGC-17-558725]____ |
| v. | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1332 [DIVERSITY AND FEDERAL QUESTION JURISDICTION** |
| Ralph Lauren Corporation, Ralph Lauren Company West, LLC, E.J. Victor, Inc., and DOES 1-100, | |
| Defendants. | [State Complaint filed on May 8, 2017] |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1331, 1332, 1441 and 1446, defendants Ralph Lauren Corporation, Ralph Lauren Company West, LLC ("Ralph Lauren Company West") and E.J. Victor, Inc. ("E.J. Victor") (collectively "Defendants") hereby remove to this Court the state court action titled *Victoria Card v. Ralph Lauren Corporation, et al.*, San Francisco Superior Court Case No. CGC-17-558725 (hereinafter the "State Court Action"). As set forth below, removal is proper under two separate and independent bases: (1) diversity jurisdiction; and (2) federal question jurisdiction.

## I. BACKGROUND

1. On May 8, 2017, plaintiff Victoria Card ("Plaintiff") filed the State Court Action against the Defendants.

2. Defendants were served with the Summons and Complaint on March 29, 2018. In compliance with 28 U.S.C. § 1446(a), attached hereto are true and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action: (1) the Complaint (Exhibit A); (2) the Summonses served on each Defendant (Exhibit B); (3) Proofs of Service for each Defendant (Exhibit C); and (4) Plaintiffs' Response to Order to Show Cause and Continued Order to Show Cause (Exhibit D).

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

### A. The Parties Are Completely Diverse

3. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions between "citizens of different States" where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

4. Plaintiff is a citizen of the State of California.

5. Defendants are corporations. A corporation is a citizen of the state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business "is best read as referring to the place where a

1 corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v.*
2 *Friend*, 559 U.S. 77, 80 (2010). In practice, this "should normally be the place where the
3 corporation maintains its headquarters – provided that the headquarters is the actual center of
4 direction, control, and coordination." *Id.*

5       6. Defendants are not citizens of California. Ralph Lauren Corporation and Ralph
6 Lauren Company West are both companies organized under the laws of the State of Delaware.
7 *See* Declarations of Jonathan Shiffman on behalf of Ralph Lauren Corporation and Ralph Lauren
8 Company West, filed herewith. Ralph Lauren Corporation is headquartered in New York and
9 Ralph Lauren Company West's principal place of business is New York. *Id.* Accordingly, Ralph
10 Lauren Corporation and Ralph Lauren Company West are both citizens of the States of Delaware
11 and New York.

12       7. E.J. Victor is a corporation organized under the laws of North Carolina and
13 headquartered in Morganton, North Carolina. *See* Declaration of David Bennett On Behalf of E.J.
14 Victor, Inc. In Support of Notice of Removal, filed herewith. Accordingly, E.J. Victor is a citizen
15 of the State of North Carolina.

16       8. Pursuant to 28 U.S.C. § 1441(a), the citizenship of fictitious and unknown
17 defendants should not be considered when establishing removal jurisdiction. *Fristos v. Reynolds*
18 *Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). Accordingly, the citizenship of defendant Does
19 1 through 100 has no bearing on whether the State Court Action may be removed to this Court.

20 **B.**     **The Amount in Controversy Exceeds $75,000**

21       9. Under diversity jurisdiction, removal of an action is proper where the aggregate
22 amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Defendants represent the
23 amount in controversy exceeds the $75,000 jurisdictional minimum of this Court without making
24 any admission of liability or damages in any aspect of this case.

25       10. Defendants have the burden of showing that the amount placed in controversy
26 "more likely than not" exceeds the jurisdictional minimum of this Court. *See Sanchez v.*
27 *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The Notice of Removal "need
28 include only a plausible allegation that the amount in controversy exceeds the jurisdiction

-3-

threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The Defendants are *not* required to set forth evidence establishing the amount in controversy, *id.*, and may establish the amount in controversy by the allegations in the Complaint. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

11. In measuring the amount in controversy, the Court must assume: (1) that the allegations in the Complaint are true; and (2) that a jury will return a verdict for Plaintiff on all claims made in the Complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the Complaint, not how much the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

12. The Complaint alleges eleven causes of action. Although the Complaint does not specify a damages amount, Plaintiff alleges that Defendants caused her "great economic [] harm" and "negatively affected her business, all to the tune of millions of dollars." *See* Complaint ¶¶ 7, 58. Based on the allegations in the Complaint, the amount in controversy "more likely than not" exceeds $75,000. *See Sanchez*, 102 F.3d at 404.

### III. REMOVAL JURISDICTION BASED ON FEDERAL QUESTION

13. This Court has original jurisdiction over this action because Plaintiff has asserted causes of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's tenth cause of action alleges Defendants violated the Robinson-Patman Act, 15 U.S.C. § 13, *et seq.*, and Plaintiff's eleventh cause of action alleges Defendants engaged in activities prohibited by the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq. See* Complaint ¶¶ 104-121.

14. Because Plaintiff's claims arise in part under the laws of the United States, this Court has original jurisdiction over this action. Moreover, this Court has supplemental jurisdiction over Plaintiff's remaining causes of action because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. 1367(a).

### IV. THIS REMOVAL NOTICE IS PROCEDURALLY PROPER

15. <u>Venue</u>. Venue in the Northern District of California is proper pursuant to 28 U.S.C. §§ 1441(a), 1446(b) and 84(a). The court in which the State Court Action is pending – the Superior Court of the State of California, County of San Francisco – is encompassed by the Northern District of California.

16. <u>Timeliness</u>. As stated above, Plaintiff served the Defendants with a copy of the Summons and Complaint on March 29, 2018. *See* Exhibit C. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is being filed within thirty (30) days of receipt of the Complaint by the Defendants.

17. <u>Joinder of Defendants</u>. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants joined in this Notice of Removal.

18. <u>Notice of Removal</u>. In accordance with 28 U.S.C. § 1446(d), Defendants will serve written notice of the removal of the State Court Action on Plaintiff via her counsel of record. In addition, the Defendants will file a copy of this Notice of Removal with the Clerk of the Court for the San Francisco Superior Court.

19. <u>Exhibits</u>. True and correct copies of all "process, pleadings, and orders" served upon Defendants are attached hereto in compliance with 28 U.S.C. §1446(a). *See* Exhibits A-D.

### V. CONCLUSION

For all of the reasons set forth above, the Defendants respectfully request that the State Court Action be removed to the United States District Court for the Northern District of California.

Dated:  April 30, 2018

By       */s/ NEIL A.F. POPOVIC*
         NEIL A.F. POPOVIĆ

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC