UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA CARD,<br>    Plaintiff,<br> v.<br>RALPH LAUREN CORPORATION, et al.,<br>    Defendants. | Case No.18-cv-02553-JSC<br><br>**ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 40 |

Plaintiff Victoria Card filed this civil action in San Francisco Superior Court alleging various claims arising out of a business arrangement between Plaintiff and Defendants the Ralph Lauren Corporation, Ralph Lauren Company West, LLC, and E.J Victor Inc. After the Defendants removed the action to this Court, the Court granted in part and denied in part Plaintiff's motion to file a first amended complaint allowing amendment of Plaintiff's complaint to plead claims for breach of implied contract and breach of the implied contract of good faith and fair dealing, but otherwise denying Plaintiff's motion to amend because amendment of her other claims was futile. (Dkt. No. 32.) Plaintiff thereafter elected not to stand on her first amended complaint, and instead, filed a second amended complaint. The second amended complaint allegations are substantially the same as the first amended complaint, although pled with greater specificity in certain respects. (Dkt. No. 35.) Defendants then filed the now pending motion to dismiss. (Dkt. No. 40.)

After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and VACATES the December 6, 2018 hearing. Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART for the reasons set forth below.

**1. First Cause of Action: Breach of Implied Contract**—the Court previously concluded that Plaintiff's first amended complaint adequately alleged a claim for breach of the implied contract.[1] (Dkt. No. 32 at 6.) Because her second amended complaint simply re-pleads these same allegations with respect to the contract claim, it sufficiently states a claim. However, Defendants now argue that Plaintiff's breach of implied contract claim is barred by the statute of frauds, Cal. Civ. Code § 1624(a)(1). However, Section 1624(a)(1) is construed narrowly and therefore "applies only to those contracts which, by their terms, cannot possibly be performed within one year." *White Lighting Co. v. Wolfson*, 68 Cal.2d 336, 343 (1968). Accordingly, "if by its terms performance of a contract is *possible* within one year, the contract does not fall within the statute even though it is probable that it will extend beyond one year." *Plumlee v. Poag*, 150 Cal.App.3d 541, 548-49 (1984) (emphasis added). In *Pecarovich v. Becker*, 113 Cal. App. 2d 309, 315 (1952), for example, the court held that a three-year oral contract did not violate the statute of frauds because it included a provision that it could be terminated at any time based on 90-day notice, which if exercised in the first year, would allow the terms of the contract to be completed in the first year. Defendants characterize the agreement alleged in the complaint as Defendants having a contractual obligation to supply her with goods unless and "until she violated the terms of the purported agreement." (Dkt. No. 43 at 11.) To put in another way, the complaint allegations themselves do not establish that the agreement could not possibly be performed within one year. Further, even if the agreement falls within the statute of frauds (which has not been shown), there may be writings that would satisfy the statute. *See Orozco v. Chase Home Finance LLC*, 2011 WL 7646369 * 1-2 (E.D. Cal. 2011). Thus, Defendants have not proved their statute of frauds affirmative defense as a matter of law. *See Walton v. City of Red Bluff*, 2 Cal. App. 4th 117, 131 (1991) (holding that the statute of frauds is an affirmative defense).

Accordingly, the motion to dismiss the first claim is denied.

**2. Second Cause of Action: Promises without Intent to Perform and Misrepresentation**—Plaintiff has now combined her previously pled second and third claims for

---

[1] The Court previously considered each of Plaintiff's claims—all of which are re-plead here—in detail and thus incorporates the reasoning of its prior order by reference.

2

relief into one claim. The Court previously denied leave to amend these misrepresentation claims because as alleged they failed to satisfy the specificity requirements of Rule 9(b). (Dkt. No. 32 at 7.) Plaintiff's second amended complaint does not address the defects in the claims as previously noted by the Court: "Plaintiff must do more than recite the elements of a claim, she must identify when the misrepresentation occurred, what the actual misrepresentation was, and who made it, as well as that it was knowingly false and made with the intent to deceive." (*Id*. at 7:17-20.) Rather, than do so, Plaintiff has added allegations regarding the additional requirements that Defendants placed on her, but these allegations do not reflect that Defendants made Plaintiff a promise that they never intended to honor. In the misrepresentation claim, Plaintiff shall separately identify each misrepresentation, when it was made, who made it, and why it was false. Plaintiff's attempt to refer back to earlier complaint paragraphs has not worked. Accordingly, Plaintiff's second claim is dismissed with leave to amend.

**3. Third Cause of Action: Breach of the Covenant of Good Faith and Fair Dealing**—the Court granted Plaintiff leave to amend this claim concluding that the allegations of her first amended complaint were sufficient to plausibly allege a separate agreement between the parties to conduct themselves in good faith. (Dkt. No. 32 at 8.) The Court denies Defendants' motion to dismiss this claim for the reasons previously stated.

**4. Fourth Cause of Action: Interference with Prospective Advantage**—the Court previously denied Plaintiff leave to amend this claim in her first amended complaint because Plaintiff had not alleged a specific relationship with which Defendants had allegedly interfered. (Dkt. No. 32 at 10.) Plaintiff's second amended complaint includes a list of over a 100 individuals identified by first name and last initial "with whom PLAINTIFF had previously done massive business, and with whom PLAINTIFF was in ongoing communications which had previously characteristically led to both further sales and new customers." (Dkt. No. 36 at ¶ 109.) While this may now be sufficient to allege the specific relationship, Plaintiff has not alleged an independent wrongful act. *See Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal. 4th 1134, 1153 (2003) ("a plaintiff seeking to recover damages for interference with prospective economic advantage must plead and prove as part of its case-in-chief that the defendant's conduct was 'wrongful by some

3

legal measure other than the fact of interference itself.'"). Rather, Plaintiff alleges that the same conduct, *see* Dkt. No. 36 at ¶¶ 103, 108, which gives rise to the breach of the covenant of good faith and fair dealing claim gives rise to her claim for prospective interference. However, "the tort of interference with prospective economic advantage was not intended broadly to limit individuals or commercial entities in choosing their commercial relationships, whatever their motives in doing so might be—unless those motives are independently unlawful." *Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*, 271 F.3d 825, 832 (9th Cir. 2001) (collecting California cases regarding the same). That Defendants acted to "advance their own economic interests" in offering their products to other wholesalers which put Plaintiff at a competitive disadvantage is not enough to state a claim for intentional interference with prospective advantage. *See A-Mark Coin Co. v. Gen. Mills, Inc.*, 148 Cal. App. 3d 312, 324 (Cal. Ct. App. 1983) ("a defendant seeking to increase his own business may cut rates or prices, allow discounts or rebates, enter into secret negotiations behind the plaintiff's back, refuse to deal with him or threaten to discharge employees who do, or even refuse to deal with third parties unless they cease dealing with the plaintiff, all without incurring liability."). Accordingly, Plaintiff's fourth claim is dismissed with leave to amend.

**5. Fifth Cause of Action: Intentional Infliction of Emotional Distress**—the Court previously denied Plaintiff leave to amend this claim because as pled in her first amended complaint Plaintiff's allegations failed to identify conduct that "exceeds all bounds of that usually tolerated in a civilized community." (Dkt. No. 32 at 11: 4-5 (citing *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009)). While Plaintiff's second amended complaint includes additional allegations with respect to this claim, the allegations that Defendants "allow[ed] competitors advantages not granted to PLAINTIFF," gave "phony and/or nonsensical excuses for these practices and their adverse effect," required Plaintiff's clients to prepay for items, "playing games with the availability of items," instituting "draconian conditions," and "spreading false rumors," see Dkt. No. 36 at ¶ 114, fail to show "extreme and outrageous conduct."[2] *See Unterberger v. Red Bull N. Am., Inc.*, 162 Cal. App. 4th 414, 423 (2008) (holding that the termination of a business

---

[2] Given this conclusion, it is unnecessary to determine whether this claim is also barred by the statute of limitations.

relationship was not as a matter of law the type of outrageous conduct required to support a claim for intentional infliction of emotional distress). Accordingly, Plaintiff's fifth claim is dismissed. The dismissal is without leave to amend as it is clear from Plaintiff's allegations that further amendment would be futile.

**6. Sixth Cause of Action: Violation of the Robinson-Patman Act**—the Court previously denied Plaintiff leave to amend her Robinson-Patman Act claim in her first amended complaint because Plaintiff had not identified the discounts, that they were for the same or comparable products, that they were contemporaneous, or that they had an anti-competitive effect. (Dkt. No. 32 at 12.) Plaintiff's second amended complaint includes additional allegations regarding the discounts, but still fails to adequately plead a claim because Plaintiff has not alleged that the discounts Defendants allegedly offered to other retailers like One Kings Lane, Bloomingdale's, and ABC Home and Carpet were for the same or comparable Ralph Lauren products that Plaintiff was selling or that Plaintiff was in competition with these wholesalers such that the discounts offered to them, but not to Plaintiff, had an anti-competitive effect. *See Best Brands Beverage, Inc. v. Falstaff Brewing Corp.*, 842 F.2d 578, 584-85 (2d Cir. 1987) (" to establish the requisite competitive injury in a secondary-line case, plaintiff must first prove that, as the disfavored purchaser, it was engaged in actual competition with the favored purchaser(s) as of the time of the price differential" further, "the existence of a competitive nexus between the customers receiving the higher and the lower prices is a basic predicate of any conclusion of adverse effects at the customer level attributable to a seller's price differentials.") Plaintiff's offer in her opposition brief to amend her complaint to include greater specificity regarding the specific numbers is unhelpful: Plaintiff must be able to plead either that the discounts were for the same products Plaintiff sold or that Plaintiff was competing with the wholesalers for the same customers such that the discounts caused an anti-competitive effect.[3] Accordingly, Plaintiff's sixth cause of action is dismissed with leave to amend.

---

[3] Plaintiff's request to file a sur-reply is denied. (Dkt. No. 44.) Plaintiff's proposed sur-reply is entirely improper as it addresses cases filed in Defendants' original moving papers which Plaintiff elected not to address in her opposition.

5

**7. Seventh Cause of Action: RICO, 18 U.S.C. § 1962(c)**—the Court previously denied Plaintiff leave to amend her RICO claim because she had failed to identify the alleged members of the enterprise or racketeering activity and had failed to allege facts to support a plausible inference that Defendants' conduct violated the statutes. (Dkt. No. 32 at 13.) Plaintiff's second amended complaint adds allegations referring to the allegations supporting her other claims for relief; however, as previously held, these allegations are insufficient to plausibly state a RICO claim. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (noting that a RICO claim is subject to Rule 9(b) pleading requirements). Accordingly, Plaintiff's seventh claim is dismissed with leave to amend.

**8. Eighth Cause of Action: Discrimination**—the Court previously denied Plaintiff leave to amend her discrimination claim under the Unruh Act, Cal. Civ. Code §§ 51, 51.5, because Plaintiff had failed to allege, as required, that she was discriminated against based on her gender and ethnicity. (Dkt. No. 32 at 14.) Plaintiff's second amended complaint includes numerous additional allegations regarding Defendants' efforts to drive her out of business, but again fails to tie these allegations to an intent to discriminate based on her gender or ethnicity. Accordingly, Plaintiff's eighth claim is dismissed with leave to amend.

**9. Ninth Cause of Action: California Business and Professions Code § 17200**—the Court previously dismissed this claim because Plaintiff had failed to tether her unfair competition claim "to some legislatively declared policy or proof of some actual or threatened impact on competition." (Dkt. No. 32 at 15:11-12) (quoting *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1136 (9th Cir. 2014)). Plaintiff's second amended complaint tethers this claim to Plaintiff's fraud, Robinson-Patman Act, RICO, and discrimination claims. (Dkt. No. 36 at ¶ 152.) Because the Court has dismissed these claims with leave to amend, this claim too is dismissed with leave to amend.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss Plaintiff's second amended complaint is GRANTED IN PART and DENIED IN PART. (Dkt. No. 40.) Plaintiff's second, fourth, sixth, seventh, eighth, and ninth causes of action are dismissed with leave to amend.

Plaintiff's fifth cause of action for intentional infliction of emotional distress is dismissed without leave to amend because it is apparent that a plausibly claim cannot be pled. Plaintiff shall replead the dismissed claims only if she can do so in good faith consistent with the obligations of Federal Rule of Civil Procedure 11. For example, if she cannot in good faith plead facts that plausibly support a discrimination claim, then she should not include such claim in her third amended complaint. If the case is just a contract case, then it should proceed as a contract case. Plaintiff's amended complaint, if any, shall be filed within 7 days of the date of this Order. Plaintiff is directed to identify all facts that plausibly support her claims in the third amended complaint, if she elects to file one. If no amended complaint is filed within 14 days of this Order, the case will move forward on the remaining claims. If Plaintiff files a third amended complaint, then Defendants' answer or other response shall be filed by January 3, 2019.

With respect to any future filings both parties are reminded of their obligation as officers of the Court to follow the Court's Standing Order and Local Rules in particular with regard to format and filing deadlines. *See* Civil L.R. 3-4(c)(2); 7-2; 7-3(a),(c),(d).

The case management conference scheduled for December 6, 2018 is continued to February 7, 2019 at 1:30 p.m. A complete case management conference statement that complies with the Standing Order of the Norther District of California is required to be filed one week before the conference.

This Order disposes of Docket No. 40.

**IT IS SO ORDERED.**

Dated: December 3, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

7