United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA CARD,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH LAUREN CORPORATION, et al.,<br><br>    Defendants. | Case No. 18-cv-02553-JSC<br><br>**ORDER RE: MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 66 |

Plaintiff Victoria Card filed this civil action in San Francisco Superior Court alleging various claims arising out of a business arrangement between Plaintiff and Defendants the Ralph Lauren Corporation, Ralph Lauren Company West, LLC, and E.J Victor Inc, which Defendants terminated in May 2015.[1] Following extensive motion practice regarding the pleadings, the parties jointly requested that the action be stayed pending mediation. That mediation was unsuccessful and Defendants now move to dismiss Plaintiff's Third Amended Complaint. (Dkt. No. 66.[2]) Having considered the parties' briefs and having had the benefit of oral argument on January 16, 2020, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. The motion is denied with respect to Plaintiff's contract claims, but otherwise granted, in part without leave to amend.

## BACKGROUND

The Court's Order on Plaintiff's First Amended Complaint contained a detailed summary

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6 & 9.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

of Plaintiff's allegations which remain substantially the same. (Dkt. No. 32.) In short, from 2001 to 2015, Plaintiff had a "contractual and partnership relationship" with the Ralph Lauren Corporation to act as an approved dealer of Ralph Lauren Home products. (Third Amended Complaint (TAC), Dkt. No. 62 at ¶ 8.) In 2015, Ralph Lauren terminated Plaintiff's account "thereby killing Plaintiff's business, which she had built up over 14 years, thereby causing her great economic and non-economic damages." (*Id*.) This termination was preceded by a series of interactions between Plaintiff and various representatives of Ralph Lauren as well as entities associated with the Ralph Lauren Corporation including E.J. Victor, which manufactures Ralph Lauren's products. (*Id*. at ¶¶ 5, 9-88.)

Two years after Ralph Lauren terminated the parties' relationship, in May 2017, Plaintiff filed suit in San Francisco Superior Court. (Dkt. No. 1-1.) Plaintiff alleged 11 claims for relief against Defendants, the Ralph Lauren Corporation, Ralph Lauren Company West, LLC, and E.J Victor Inc., including claims for: (1) breach of implied contract; (2) promises without intent to perform; (3) intentional misrepresentation; (4) breach of the covenant of good faith and fair dealing; (5) violation of fiduciary obligations; (6) intentional wrongdoing in violation of California Civil Code § 1708; (7) intentional infliction of emotional distress; (8) discrimination in violation of the Unruh Act; (9) violation of California Business and Professions Code § 17200; (10) violation of the Robinson-Patman Act; and (11) RICO.

Defendants moved to dismiss the complaint, but Plaintiff did not timely oppose and instead, around the same time sought to file a first amended complaint pleading 11 claims for relief including: (1) breach of implied contract; (2) promises without intent to perform; (3) intentional misrepresentation; (4) breach of the covenant of good faith and fair dealing; (5) violation of fiduciary obligations; (6) interference with prospective advantage; (7) intentional infliction of emotional distress; (8) violation of the Robinson-Patman Act; (9) RICO; (10) discrimination in violation of the Unruh Act; and (11) violation of California Business and Professions Code § 17200. (Dkt. Nos. 10 & 15.) The Court granted in part and denied in part Plaintiffs' motion to amend and denied Defendants' motion to dismiss as moot.

Plaintiff thereafter filed her Second Amended Complaint which repled the same claims

2

although it included some additional specificity with respect to the allegations. (Dkt. No. 35.) Defendants again moved to dismiss and the Court denied the motion as to Plaintiff's claims for breach of implied contract and breach of the covenant of good faith and fair dealing. (Dkt. No. 47.) Plaintiff was granted leave to amend her claims for misrepresentation, interference with prospective advantage, violation of the Robinson-Patman Act, RICO, discrimination, and violation of California Business and Professions Code Section 17200. (*Id.*) Plaintiff's intentional infliction of emotional distress claim was dismissed without leave to amend. (*Id.*)

Following the Court's order, the parties requested a referral to private mediation and that the case be stayed pending mediation. (Dkt. No. 48.) The Court granted the parties' request as well as several additional requests for a stay. (Dkt. Nos. 49, 51, 53, 55.) Mediation, however, was unsuccessful so the parties requested that the Court lift the stay and Plaintiff filed her Third Amended Complaint which includes all the prior claims as well as a claim for breach of express contract. (Dkt. Nos. 58, 60.) Defendants have again moved to dismiss and filed a separate motion for Rule 11 sanctions. (Dkt. Nos. 66, 73.) Those motions are now fully briefed and the Court heard oral argument January 16, 2020.

**DISCUSSION**

**I.   Motion to Dismiss**

Defendants move to dismiss Plaintiff's Third Amended Complaint in its entirety including Plaintiff's breach of implied contract and breach of the covenant of good faith and fair dealing claims which the Court previously found were adequately pled. The Court addresses each of Plaintiff's nine claims separately.

**A.   Breach of Contract Claims**

Plaintiff pleads two breach of contract claims. One for breach of an express contract, and a second, for breach of implied contract. Plaintiff improperly added the first claim. A plaintiff cannot add a claim without consent of the other side or permission from the Court. Defendants have not consented to amendment to add the breach of express contract claim and the Court's Order granting Plaintiff leave to file a third amended complaint only allowed her to amend her claims for misrepresentation, interference with prospective advantage, violation of the Robinson-

3

Patman Act, RICO, discrimination, and violation of California Business and Professions Code Section 17200. *See* Fed. Civ. Civ. P 15(a). (Dkt. No. 47.)

Further, while parties are allowed to plead "alternative claims at the pleading stage, [] ultimately [defendant] cannot be held liable for both breach of express contract and breach of implied contract on the same subject matter." *Doe v. John F Kennedy Univ.*, 2013 WL 4565061, at *8 n.6 (N.D. Cal. Aug. 27, 2013); *California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19-CV-02417-LHK, 2019 WL 4450842, at *4 (N.D. Cal. Sept. 17, 2019) (collecting cases). As Plaintiff explained at oral argument, the express contract claim is based on the same underlying facts as the implied claim and is, in fact, pled, or intended to be pled, in the alternative. The Court will construe it as such.

The Court concludes that Plaintiff has adequately pleaded the implied and express breach of contract claims and by this Order grants her leave to allege the express claim. As the express contract claim is based on the same facts as the implied claim, it would be inconsistent with Federal Rule of Civil Procedure 1 to require Plaintiff to file yet another amendment.

**B. Promises without Intent to Perform and Misrepresentation Claim**

The Court previously dismissed Plaintiff's promises without intent to perform/misrepresentation claim because Plaintiff failed to identify a promise that Defendants made that Plaintiff that they never intended to honor. *See Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 230–31 (2013) ("The essential elements of a count for intentional misrepresentation are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage."). The Court held that when repleading her misrepresentation claim, Plaintiff needed to separately identify each misrepresentation, when it was made, who made it, and why it was false. *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (holding that a plaintiff must include the "who, what, when, where, and how" of the fraud.).

Plaintiff's Third Amended Complaint fails to cure these pleading defects. Instead, Plaintiff has added the following language:

> The simple and irrefutable evidence of this corrupt intent was that,

4

> IMMEDIATELY after Plaintiff, to Defendant's great and effusive praise, completed her yearlong extensive and expensive compliance process (all of which was in the complete control of Defendants), Defendants (without even a pretense of living up to their end of the bargain), by the simplest and cheapest device (of requiring and withholding a permission that had been given without question for 15 years, and that would have taken 15 seconds to provide) at the same time unequivocally breached their end of the agreement and found a way to destroy Plaintiff's business beyond the possibility of redemption, such that Defendants' subsequent, apparently flunky-written letter applying the *coup de grace* of terminating Plaintiff's access to the product that was the lifeblood of her business (which was already bleeding out anyway due to its inability to access AdWords) turned out, on hindsight, to be just a formality.

(Dkt. No. 32 at ¶ 100.) This new paragraph does not cure the deficiencies previously identified by the Court.

Accordingly, Defendants' motion to dismiss the promises without intent to perform/misrepresentation claim is granted. This dismissal is without leave to amend as Plaintiff has had multiple opportunities to cure the pleading deficiencies on this claim but has failed to articulate any basis for doing so; further leave to amend would thus be futile.

### C. Breach of the Covenant of Good Faith and Fair Dealing Claim

The Court previously held that Plaintiff had adequately pled a breach of the covenant of good faith and fair dealing claim because Plaintiff had plausibly alleged a separate agreement between the parties to conduct themselves in good faith. (Dkt. No. 32 at 8; Dkt. No. 47 at 3.) The Court denies Defendants' motion to dismiss this claim for the reasons previously stated.

### D. Intentional Inference with Economic Advantage Claim

The Court previously dismissed Plaintiff's intentional interference with economic advantage claim because Plaintiff had not alleged an independent wrongful act. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003) ("a plaintiff seeking to recover damages for interference with prospective economic advantage must plead and prove as part of its case-in-chief that the defendant's conduct was 'wrongful by some legal measure other than the fact of interference itself.'"). In her amended complaint, Plaintiff has not included additional arguments regarding an independent wrongful act, but in her opposition brief, she argues that the independent wrongful act is Defendants' refusal to grant her permission to use the name Ralph Lauren in her Google AdWords advertising "without any justification." (Dkt. No. 76 at 28:10-13;

TAC at ¶ 74.)

However, as the Court noted in its prior order, a claim for interference does not lie where a defendant seeks to advance its own economic interests. *See A-Mark Coin Co. v. Gen. Mills, Inc.*, 148 Cal. App. 3d 312, 324 (Cal. Ct. App. 1983) ("a defendant seeking to increase his own business may cut rates or prices, allow discounts or rebates, enter into secret negotiations behind the plaintiff's back, refuse to deal with him or threaten to discharge employees who do, or even refuse to deal with third parties unless they cease dealing with the plaintiff, all without incurring liability."). Plaintiff has not plausibly alleged that Defendants' refusal to continue to grant her permission to use Ralph Lauren in her AdWords was independently wrongful as opposed to a business decision.

Defendants insist that the claim separately fails as a matter of law because "the tort duty not to interfere with the contract falls only on strangers—interlopers who have no legitimate interest in the scope or course of the contract's performance." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994). As noted above, Plaintiff's claim appears to be related to Defendants' conduct with respect to their relationship—which is a claim for breach of contract or breach of the covenant of good faith and fair dealing, not intentional interference with prospective advantage which relates to interference by a stranger with Plaintiff's relationship with third-parties. "California law has long recognized that the core of intentional interference business torts is interference with an economic relationship by a third-party stranger to that relationship, so that an entity with a direct interest or involvement in that relationship is not usually liable for harm caused by pursuit of its interests." *Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*, 271 F.3d 825, 832 (9th Cir. 2001). Here, Plaintiff alleges she was in a quasi-partnership with Defendants, *see* FAC at ¶ 8, and was "basically 100% dependent[] on selling Defendant's product" such that Defendants' wrongdoing limiting her ability to sell their products was "the sole cause of the destruction of Plaintiff's business," *see* Dkt. No. 76 at 24:1-4. Under these circumstances, Plaintiff and Defendants were not strangers; rather, because "the economic relationship between [Plaintiff] and the buyer of any [products from her store] depends on [Ralph Lauren's] cooperation, [Ralph Lauren] is not easily characterized as a stranger to that relationship." *Marin*

6

*Tug & Barge, Inc. v. Westport Petroleum, Inc.*, 271 F.3d 825, 834 (9th Cir. 2001).

Accordingly, Plaintiff's claim for intentional interference with prospective advantaged is dismissed. This dismissal is without leave to amend as Plaintiff has had multiple opportunities to cure the pleading deficiencies such that further leave to amend would be futile.

### E. Robinson-Patman Act Claim

Plaintiff's Robinson-Patman Act Section 2(a) claim was previously dismissed with leave to amend. To plausibly plead the claim, Plaintiff must allege:

(1) Two or more contemporaneous sales by the same seller.

(2) At different prices.

(3) Of commodities of like grade and quality.

(4) Where at least one of the sales was made in interstate commerce.

(5) The discrimination had the requisite effect upon competition generally.

(6) The discrimination caused injury to the plaintiff.

*Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 677 (9th Cir. 1975).

Plaintiff still does not allege facts plausibly suggesting that the first three factors are met. While she identifies competitors, such as One King's Lane, that sold Ralph Lauren products at a greater discount than Plaintiff alleges she was permitted to sell at, and further alleges that Defendant allowed them to do so (Dkt. No. 62 at ¶ 123(a)), she has still not identified any consummated sales to these competitors of commodities of like grade and quality of that Defendants sold to Plaintiff. While she argues in her opposition brief that "[t]he 85-90% discounts granted to OKL were all for items that Plaintiff and other similarly situated were selling," there is no such allegation in her complaint. (Dkt. No. 76 at 12:4.) Likewise, in a footnote in her opposition brief she lists specific products which she appears to contend Defendants sold to One Kings Lane at a discount that she was not offered. (Dkt. No. 76 at 12 n.2.) None of these allegations, however, appear in her complaint.

Assuming Plaintiff can plausibly allege that Defendants sold Plaintiff products at a price different from the price they sold similar products to One King's Lane for during the same period, Plaintiff has plausibly alleged that the price discrimination caused her injury; specifically, that

7

1 some of her long-term customers started buying from One King's Lane instead of Plaintiff
2 because of the price. (Dkt. No. 62 ¶ 123(b).) She has also plausibly alleged facts that suggest the
3 alleged price discrimination "hurt competition generally." *Rutledge,* 511 F.2d at 677; *see Tri-*
4 *Valley Packing Ass'n v. F.T.C.*, 329 F.2d 694 (9th Cir. 1964). The actual facts may not support
5 Plaintiff's allegations, but at this stage of the proceedings, and drawing all reasonable inferences in
6 her favor, she has alleged enough on that score.

Because Plaintiff may be able to allege facts that support a plausible inference that Defendants sold products to One King's Lane at a price lower than they sold similar products to Plaintiff at around the same time, the Court will give Plaintiff one final opportunity to amend her Robinson-Patman Act claim.

**F. RICO Claim**

The Court previously dismissed Plaintiff's RICO claim because she failed to identify the alleged members of the enterprise or racketeering activity and had failed to allege facts to support a plausible inference that Defendants' conduct violated the statutes. The Court noted that a RICO claim is subject to Rule 9(b)'s pleading requirements. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). In her Third Amended Complaint, Plaintiff alleges that Defendants associated with the Ralph Lauren Home division to form the enterprise which engaged in a pattern of racketeering activity though mail and wire fraud the predicate of which is "the years long stream of emails, letters and phone calls that were such a large percentage of the conduct out of which the case arose." (TAC at ¶ 128.) These allegations are insufficient to state a RICO claim because Plaintiff has still failed to allege facts plausibly supporting a pattern of racketeering activity; that is, her allegation of mail and wire fraud. As before, Plaintiff relies on her reference to 21 enumerated communications which she refers to as predicate acts, while simultaneously stating that they are "not in and of themselves necessarily fraudulent." (TAC at ¶ 134.) Both mail and wire fraud, however, require an intent to deceive or defraud. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010)("Wire or mail fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud."); *see also*

18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud).

Plaintiff's reliance on *Schmuck v. United States*, 489 U.S. 705 (1989), for the proposition that innocent mailings/wirings can be sufficient if they further a fraudulent scheme is misplaced. In *Schmuck*, the defendant was convicted of mail fraud based on the following alleged fraud:

> Schmuck purchased used cars, rolled back their odometers, and then sold the automobiles to Wisconsin retail dealers for prices artificially inflated because of the low-mileage readings. These unwitting car dealers, relying on the altered odometer figures, then resold the cars to customers, who in turn paid prices reflecting Schmuck's fraud. To complete the resale of each automobile, the dealer who purchased it from Schmuck would submit a title-application form to the Wisconsin Department of Transportation on behalf of his retail customer. The receipt of a Wisconsin title was a prerequisite for completing the resale; without it, the dealer could not transfer title to the customer and the customer could not obtain Wisconsin tags. The submission of the title-application form supplied the mailing element of each of the alleged mail frauds.

*Schmuck*, 489 U.S. at 707. Beyond listing the communications—which Plaintiff herself characterizes as non-fraudulent—she has not alleged *how* these communications satisfy the elements of bank or wire fraud. Plaintiff's insistence that "the scheme to defraud is Defendants' central, and ultimately successful, scheme to drive Plaintiff out of business" is unavailing. (Dkt. No. 76 at 30:15-16.) As noted with respect to Plaintiff's other claims, her allegations regarding Defendants' conduct may give rise to a claim that Defendants breached the parties' implied contract or a claim that Defendants breached the duty of good faith, but they do not give rise to a civil RICO claim without specific allegations of fraud made in accordance with Rule 9(b).

Accordingly, Plaintiff's RICO claim is dismissed. This dismissal is without leave to amend as Plaintiff has had multiple opportunities to cure the pleading deficiencies but has been unable to articulate any basis to do so; further leave to amend would thus be futile.

**G. Discrimination Claim**

The Court previously dismissed Plaintiff's discrimination claim under the Unruh Act, Cal. Civ. Code §§ 51, 51.5, because Plaintiff had failed to allege, as required, that she was discriminated against based on her gender and ethnicity. In her Third Amended Complaint, Plaintiff alleges that her gender and sexual orientation (heterosexual) are the "most likely" explanation for Defendants' conduct because her business is a "'gay' milieu and William Li,

Ralph Lauren Home's Marketing Director, "was known to '[have a problem with powerful women.'" (TAC at ¶ 144.b.) Plaintiff insists that there is no "more plausible explanation of this, totally undeserved, undying enmity" than gender and sexual orientation discrimination. (Dkt. No. 76 at 31:8-9.) Not so.

"Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). "[W]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014). Plaintiff has still not alleged facts that support a plausible inference that Defendants' actions were based on or motivated by her gender or sexual orientation. *See Precise Aerospace Mfg., Inc. v. MAG Aerospace Indus., LLC*, No. 18-55353, 2019 WL 4942309, at *1 (9th Cir. Oct. 8, 2019) (affirming district court's dismissal without leave to amend of an Unruh claim based on gender discrimination because plaintiff failed "to allege sufficient facts to infer that discriminatory motivation was not just possible, but plausible" given plaintiff's conclusory allegations including that defendant "had and continues to have a serious problem with women").

Accordingly, Plaintiff's discrimination claim is dismissed. This dismissal is without leave to amend as Plaintiff has had multiple opportunities to cure the pleading deficiencies identified by Defendants and the Court and has been unable to articulate any basis for doing so; further leave to amend would thus be futile.

**H. Violation of Business and Professions Code Section 17200 Claim**

Plaintiff's Section 17200 claim is tethered to her misrepresentation, Robinson-Patman Act, RICO, and Unruh Act claims. Because the Court has dismissed those claims, her Section 17200 claim must be dismissed as well. *See Hicks v. PGA Tour, Inc.*, 165 F. Supp.3d 898, 911 (2016),

10

aff'd in part, vacated in part on other grounds, 897 F.3d 1109 (9th Cir. 2018) ("[W]here the same conduct alleged to be unfair under the UCL is also alleged to be a violation of another law, the UCL claim rises or falls with the other claims."). The only possible predicate violation that may survive (although it is currently dismissed) is her Robison-Patman Act claim. Accordingly, the UCL claim is dismissed with leave to amend.

## II. Motion for Rule 11 Sanctions

Defendants also move for Rule 11 sanctions. In previously granting Plaintiff leave to amend, the Court warned:

> Plaintiff shall replead the dismissed claims only if she can do so in good faith consistent with obligations of Federal Rule of Civil Procedure 11. For example, if she cannot in good faith plead facts that plausibly support a discrimination claim, then she should not include such claim in her third amended complaint. If the case is just a contract case, then it should proceed as a contract case.

(Dkt. No. 47 at 7.) Despite that warning, Plaintiff repled claims, and in particular her discrimination and misrepresentation claims, without any discernable attempt to correct the deficiencies noted by the Court in its previous orders. Defendants thus appropriately moved for Rule 11 sanctions after giving Plaintiff an opportunity to withdraw the claims.

Although the issue is close, the Court declines in its discretion to award sanctions. On a practical note, the Court is denying in part Defendants' motion to dismiss, thus making it difficult to determine what costs, if any, Defendants incurred that should be compensated through the Rule 11 motion. Litigating that issue will further run up the costs of all parties and delay resolution of this case. And the Court would not award sanctions on claims which the Court has dismissed, but granted leave to amend. Finally, the hearing on the present motion to dismiss is the first time the Court held oral argument in this case and the Court did, in fact, previously grant Plaintiff leave to amend. As for the "new" express contract claim, the Court is learning that its orders could be more definitive as to the scope of any permitted amendments. This Order is clear: no new claims or parties, and permitted amendment of only the Robinson-Patman claim and the Section 17200 claim and only as it is derivative of the Robinson-Patman claim.

11

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. The motion is denied as Plaintiff's contract claims. The motion is granted with leave to amend as to Plaintiff's Robinson-Patman Act claim (and the derivative Section 17200 claim). The motion is granted with prejudice and without leave to amend as to the remaining claims. Plaintiff may not add any other claims or parties without the Court's prior permission. Plaintiff's amended complaint, if any, must be filed within 14 days of this Order. If Plaintiff does not file an amended complaint by that deadline, the case will proceed on the contract claims. The motion for sanctions is DENIED.

The Court sets a Case Management Conference for February 13, 2020 at 1:30 p.m. in Courtroom E, 450 Golden Gate Ave., San Francisco, California. A joint case management conference statement is due February 6, 2020.

This Order disposes of Docket Nos. 66 and 73.

**IT IS SO ORDERED.**

Dated: January 21, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge